IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MISAEL AVENDANO ESPEJO,<br><br>    Petitioner,<br><br>vs.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity, et al.,<br><br>    Respondents. | 0:26-CV-1581<br><br>ORDER |

  The petitioner seeks immediate release from U.S. Immigration and Customs Enforcement custody in the ERO El Paso Camp East Montana in El Paso, Texas. Filing 1. But generally, habeas jurisdiction lies in the district of confinement. *E.g., Trump v. J.G.G.*, 604 U.S. 670, 672 (2025); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). *See* filing 1. The Court directed the petitioner to address the factual basis for finding an exception to the district of confinement rule in this case. *See* filing 3 at 2. The petitioner's reply, filing 7 at 7-8, does not dispute that counsel knew the petitioner had been transferred well before the time of filing. The circumstances under which the government relocated the petitioner are not a basis for this Court to exercise jurisdiction.

  Accordingly, for the reasons stated in *Pomboza Pinto v. Bondi*, No. 0:26-CV-622, 2026 WL 257415 (D. Minn. Jan. 29, 2026), the Court will transfer this case to the U.S. District Court for the Western District of Texas. The Court will, however, direct the Clerk of the Court to withhold transmission of the case file for seven days to permit the petitioner to seek appellate review of the Court's order. *See In re Nine Mile Ltd.*, 673 F.2d 242, 243 (8th Cir. 1982); *see also Def. Distributed v. Platkin*, 55 F.4th 486, 492 (5th Cir. 2022).

IT IS ORDERED:

1. This case is transferred to the United States District Court for the Western District of Texas.

2. The Clerk of the Court shall withhold transmission of the case file to the Western District of Texas until March 9, 2026.

Dated this 2nd day of March, 2026.

BY THE COURT:

*[signature: John M. Gerrard]*

John M. Gerrard
Senior United States District Judge